BOUTALL, Judge.
Seeking damages arising out of a two-vehicle collision, Samuel H. Taylor, Jr. sued the driver of the other vehicle, Jimmy Lee Dorsey, her employer, George R. Murphy, d/b/a Murphy Cleaners, and his insurer, Fireman’s Insurance Company. The trial judge found negligence on defendants and contributory negligence on plaintiff, dismissing plaintiff’s suit. Taylor appeals.
*441 Taylor was driving west on Louisiana Highway 541 (the River Road) in Harvey, Louisiana and was attempting a left turn from the highway into the entranceway of the Hydril plant, where he worked. Dorsey had been following the automobile for some time driving a van owned by Murphy in the scope of her employment with Murphy. Some distance before the plant entrance, Dorsey pulled into the left or opposing lane of traffic in an attempt to pass Taylor, and Taylor began his left turn maneuver. As Taylor’s vehicle turned, its left front fender struck the defendant’s right rear fender. In the area in which this maneuver and collision took place, La. 541 is a two lane highway and the opposing lanes are separated by a double yellow line indicating a no-passing zone.
Our examination of the record convinces us that the defendant driver is guilty of negligence by virtue of attempting to pass in a no-passing zone, contrary to the provisions of L.R.S. 32:77. A considerable argument has developed between the opposing attorneys as to the purpose of the yellow lines in this area in an attempt to pigeon-hole the duty risk principle by a narrow interpretation of the act. Suffice it to say that an overtaking motorist should always proceed with care, and where there are yellow lines prohibiting his maneuver he is subject to a much greater burden of care. We further note that the defendant utilized this road several times a day and was well aware of the general road condition, i. e. the road is bordered on the right by the Mississippi River levee, and on the left, by a number of industrial plants. Hence, one could expect to encounter a number of drivers turning left on this roadway.
We also agree with the finding of contributory negligence on the part of plaintiff. A left turn is always a hazardous maneuver, and in this regard we refer to L.R.S. 32:104, which imposes upon a motorist the duty to ascertain that his turn can be made with reasonable safety. Plaintiff testified that as he began his turn maneuver he did not look behind him to see if the way was clear. Considering the point of contact between the vehicles we conclude, as did the trial judge, that plaintiff would undoubtedly have seen the van attempting to pass, had he looked. He was aware that the van had been following him. for some distance and had last seen her a considerable distance back from the left turn.
We agree with the finding of negligence and contributory negligence resulting in dismissal of suit. The judgment is affirmed.

AFFIRMED.